IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAMELA GAZITANO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-1049-N |
| | § | |
| BRINK'S INCORPORATED, | § | |
| | § | |
| Defendant. | § | |

## ORDER

This Order addresses Plaintiff Pamela Gazitano's motion to remand [Doc. 11]. Finding that ERISA preempts Gazitano's claims, the Court denies the motion but allows Gazitano leave to amend her complaint.

### I. GAZITANO'S TERMINATION[1] AND BRINK'S' REMOVAL OF THIS CASE

Defendant Brink's Incorporated ("Brink's") employed Gazitano for nine years. Gazitano suffers from myasthenia gravis/multiple sclerosis. Brink's regarded her as disabled on account of her condition. In her deposition, Gazitano testified that she requires treatment from a doctor every other week and that the treatment costs about $260,000 annually. App. Supp. Pl.'s Mot. Remand [hereinafter Pl.'s App.] [10] 28–29. Because Brink's was self-insured, it paid for these treatments while Gazitano worked there. *Id.* Brink's

---

[1]Unless otherwise noted, the Court takes the facts regarding Gazitano's employment and termination from Gazitano's amended petition.

ORDER – PAGE 1

accommodated Gazitano by allowing her to work from her doctor's office while she was treated every other Friday. Def.'s Notice of Removal, Ex. B [1-2], at 4.

Brink's terminated Gazitano's employment in 2011, informing her that it eliminated her position for business reasons. But Gazitano alleges that, in reality, "Brink's wanted to get rid of [her] due to the cost associated with her disability." Am. Pet. ¶ 4, in Def.'s Notice of Removal [1], Ex. A. Gazitano filed this action in Texas state court on May 9, 2012. Brink's received a copy of the original petition[2] on May 17. Def.'s Notice of Removal 1. Gazitano alleges that, by firing her on account of her disability, Brink's wrongfully terminated her and discriminated against her in violation of Texas Labor Code § 21.051 *et seq*.

Brink's deposed Gazitano on February 20, 2013. In her deposition, she testified, among other things, that the basis for her claims is that "[her] position at Brink's was eliminated due to the cost of [her] disability benefits." Def.'s Notice of Removal, Ex. B, at 1. Based on Gazitano's deposition testimony, Brink's removed the case to this Court on March 11. Brink's argues that the Court has jurisdiction because the Employee Retirement Income Security Act ("ERISA") preempts Gazitano's claim. Gazitano now moves to remand.

---

[2]Gazitano later amended her petition, but the only alteration she made was to correct the name of the disease from which she suffers.

## II. STANDARD OF REVIEW FOR MOTIONS TO REMAND

A defendant may remove a state action to federal court only if the action originally could have been brought in federal court. 28 U.S.C. § 1441(a). The removing defendant bears the burden of establishing federal jurisdiction. *See Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998). A federal court has subject matter jurisdiction over primarily two types of cases: (1) those "arising under the Constitution, laws, or treaties of the United States" ("federal question" jurisdiction), 28 U.S.C. § 1331, and (2) those in which the parties are residents of different states and the amount in controversy exceeds $75,000 ("diversity" jurisdiction). *Id.* § 1331. This case implicates the former, which ordinarily exists only if "the plaintiff's 'well pleaded complaint' raises issues of federal law sufficient to support federal question jurisdiction." *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993) (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908)). However, a defendant may also remove a state claim "'when a federal statute wholly displaces the state-law cause of action through complete pre-emption.'" *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003)).

"Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). A district court must remand a case if, at any time

before final judgment, it appears the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

### III. BRINK'S TIMELY REMOVED THIS CASE

#### A. Time Limits for Removal

As a general matter, a defendant may remove a case only within thirty days of an initial pleading or a summons. *Id.* § 1443(b)(1). However, if the case as filed is not removable, a defendant may still remove within thirty days after receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3); *Mumfrey v. CVS Pharmacy, Inc.*, No. 12-40419, 2013 WL 2476402, at *4 (5th Cir. June 10, 2013). The Fifth Circuit has held that "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal." *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

#### B. The Deposition Transcript Was a Proper Basis for Removal

Brink's removed this case on March 11, 2003 – within thirty days of Gazitano's deposition but well over thirty days after she filed the case.[3] Brink's argues that the transcript of Gazitano's deposition constitutes "other paper" from which it learned that ERISA completely preempts Gazitano's causes of action. According to Brink's, the

---

[3] A defendant must remove in any event no later than one year after the suit was filed. Brinks did so here.

deposition transcript therefore opened a thirty-day window in which it could remove the case. The Court agrees.

A transcript of deposition testimony can, at least in some circumstances, be "other paper" capable of supporting removal. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). A defendant may remove based on a plaintiff's responses to deposition questions when those responses "provide omitted jurisdictional facts or clarify insufficient factual allegations in the plaintiff's complaint." *Herring*, 2005 WL 1653076, at *4 (citing *S.W.S. Erectors,* 72 F.3d at 494).[4] In this case, Gazitano's deposition transcript is "other paper" because it clarified the nature of Gazitano's claims and thereby provided Brink's with new information showing the case was removable. The petition and amended petition clearly allege only state claims and assert that "Brink's wanted to get rid of [Gazitano] due to the cost associated with her disability." Am. Pet. ¶ 4. They do not specify what that cost is. The petitions also list "lost employment benefits" among Gazitano's damages, but they mention these benefits only in passing – as the fifth of ten elements of damages. *Id.* ¶ 6. Brink's could not have known based on either petition, or on any other document the parties have brought to the Court's attention, that removal was proper. The "cost" referenced in the

---

[4]A number of courts in this Circuit have held that *S.W.S. Erectors* carves out an exception to a rule that a plaintiff's responses to questions posed by opposing counsel in a deposition are generally not a proper basis for removal. *E.g.*, *Herring v. Oxy Vinyls L.P.*, Civ. A. No. H-05-0719, 2005 WL 1653076, at *4 (S.D. Tex. July 8, 2005); *Hammann v. U.S. Auto. Ass'n*, No. SA-04-CA-0406, 2005 WL 354315, at *8 (W.D. Tex. Jan. 18, 2005). Because the Court concludes that the deposition clarified an insufficient factual allegation as contemplated by *S.W.S. Erectors*, the Court need not address whether, as a general matter, answers to opposing counsel's questions in a deposition provide a sufficient basis for removal.

petitions could have been simply the cost of the accommodation Brink's provided Gazitano – the ability to work from her doctor's office on alternate Fridays. Moreover, the petitions do not reference or implicate an ERISA-qualifying benefits plan. Additionally, simply listing lost benefits as an element of damages is insufficient to make a case removable. *See Rozzell v. Sec. Servs., Inc.*, 38 F.3d 819, 822–23 (5th Cir. 1994) (finding removal improper where state wrongful discharge claim included damages based in part on loss of benefits). Before the deposition, then, Brink's could not have known that Gazitano's claim is based entirely on her contention that Brink's fired her to avoid paying for her benefits under the company's plan.

In her deposition, by contrast, Gazitano made this point clear. Particularly salient are the following exchanges with counsel for Brink's:

> Q   What actions do you claim Brink's took against you that were discriminatory?
>
> A   My position was eliminated due to my disability and, in turn, the cost of benefits for that disability were exorbitant, therefore, I feel the position was eliminated because of that.

Pl.'s App. 24.

> Q   Do you believe that your use of the Brink's benefits – health benefits, excuse me, is the only reason that your position was eliminated?
>
> A   Yes.[5]

---

[5]Gazitano's attorney objected to this line of questioning on the grounds that Gazitano is not qualified to give a legal conclusion as to the nature of her claim. But she is qualified to speak, as she did in the testimony at issue,to the reasons she believes she was fired that caused her to bring suit and that therefore underlie her claims. There is only one such reason: Brink's allegedly fired her to stop paying for her benefits.

Def.'s App. Supp. Notice Removal, Ex. B, at 2.  Gazitano now argues that the first exchange evinces two possible bases for her claim: her disability and the cost associated with it.  Even if the Court were to accept this interpretation, however, the second exchange is clear: Gazitano claims she was fired because – and only because – Brink's wanted to avoid paying for her benefits.

As explained below, this case is removable because Gazitano's claim is inextricably linked to her employer's benefits plan.  Brink's did not know about this link until it deposed her.  Gazitano's deposition testimony is "unequivocally clear and certain" on this point.  *See Bosky*, 288 F.3d at 211.  Because Brink's removed the case within thirty days of receiving the deposition transcript, the removal was timely.

### IV.  ERISA SECTION 510 PREEMPTS GAZITANO'S CLAIM

#### *A.  ERISA Preemption*

There are two types of ERISA preemption: conflict preemption and complete preemption.  Conflict preemption arises under ERISA section 514, which expressly supersedes state laws "relate[d] to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title."  29 U.S.C. § 1144 (a).  Conflict preemption, however, is only a defense to a state action; it does not give rise to federal jurisdiction.  *See Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999).

On the other hand, ERISA's civil enforcement provision, section 502, completely preempts state causes of action that deal with that section's subject matter.  *See* 29 U.S.C. §

1132. Section 502 allows a plan beneficiary to bring suit (1) "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," 29 U.S.C. § 1132(a)(1)(B), or (2) "to enjoin any act or practice which violates any provision of this title or the terms of the plan . . . [or] obtain other appropriate equitable relief to redress such violations or to enforce any provisions of this title or the terms of the plan," 29 U.S.C. § 1132(a)(3). "Put simply, there is complete preemption jurisdiction over a claim that seeks relief 'within the scope of the civil enforcement provisions of § 502(a).'" *Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 (5th Cir. 2003) (en banc) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987)). A defendant may remove such claims to federal court. *Giles*, 172 F.3d at 337. The Fifth Circuit has held that ERISA preempts a state claim if that claim "would cease to exist" if stripped of its link to the ERISA plan at issue. *Rokohl v. Texaco, Inc.*, 77 F.3d 126, 129 (5th Cir. 1996). The Supreme Court has observed that ERISA may preempt a state claim "even when the state action purport[s] to authorize a remedy unavailable under the federal provision." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).

The ERISA provision relevant to this case is not section 502, however, but rather section 510. Section 510 provides as follows:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . . .

29 U.S.C. § 1140.  Section 510 also states that "[t]he provisions of [section 502] shall be applicable in the enforcement of this section."  *Id.*  The Supreme Court has determined that section 510, like section 502, preempts state claims and supports federal jurisdiction.  *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 145 (1990).  Specifically, the Court has held that "when it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 510 of ERISA, due regard for the federal enactment requires that state jurisdiction must yield."  *Id.* (quoting *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 409, n.8 (1988) (alteration and internal quotation marks omitted)).

### B. Gazitano's Claim Relies on the Benefits Plan

Though there is no binding precedent directly on point in this Circuit, the Court concludes that ERISA section 510 preempts Gazitano's claim.  In *Ingersoll-Rand*, plaintiff McClendon sued his former employer after Ingersoll-Rand fired him four months before his pension was to vest.  *Id.* at 135–36.  McClendon asserted a wrongful termination claim, arguing that a principal reason for his termination was that Ingersoll-Rand wanted to avoid making contributions to his pension fund.  *Id.*  Even though McClendon asserted no ERISA claim, the Court determined that the claim "f[ell] squarely within the ambit of ERISA § 510" and that that section preempted McClendon's claim.  *Id.* at 142.  Similarly, the Fifth Circuit has held that a "claim of demotion and termination for failing to commit acts in violation of ERISA and reporting such violations falls within the scope of the civil enforcement provision of ERISA, and hence created removal jurisdiction."  *Anderson v. Elec. Data Sys. Corp.*, 11 F.3d 1311, 1315 (5th Cir. 1994).  And another court in this District has found state wrongful

termination and discrimination claims preempted where "[t]he bulk of [the plaintiff's] evidence rests on the premise that [her employer] terminated her . . . to avoid having . . . a large financial risk on the company's self-funded health insurance plan." *Baker v. O'Reilly Auto., Inc.*, No. 7:00-CV-0052R, 2001 WL 123671, at *5 (N.D. Tex. Jan. 16, 2001). Courts in other circuits have come to similar conclusions. *E.g.*, *Wood v. Prudential Ins. Co.*, 207 F.3d 674, 677–79 (3d Cir. 2000); *Ruby v. Sandia Corp.*, 699 F. Supp. 2d 1247, 1279–81 (D.N.M. 2010); *Graf v. Daimler Chrysler Corp.*, 190 F. Supp. 2d 1002, 1008 (E.D. Mich. 2002).

Based on this case law, the Court concludes that section 510 preempts Gazitano's claims. She stated in her amended complaint that she is suing on the basis of the cost associated with her disability. In her deposition, as discussed at greater length above, she admitted that the cost in question is exclusively the cost of her medical benefits. Based on the pleadings and deposition, Gazitano clearly founds her claims on the allegation that Brink's fired her to avoid paying her healthcare costs as required under the company's benefits plan. This claim therefore relies entirely on the plan; that is, the claim would cease to exist if the plan ceased to exist. *See Rokohl*, 77 F.3d at 129. ERISA section 510 therefore preempts the state claims Gazitano has brought. The Court accordingly has subject matter jurisdiction, and it therefore declines to remand this action.

## CONCLUSION

Because ERISA preempts Gazitano's claims, the Court denies her motion to remand. The Court *sua sponte* grants Gazitano leave to amend her complaint within twenty-one (21) days of the date of this Order in order to assert, if she wishes, a claim under ERISA.

Signed July 29, 2013.

                                                    David C. Godbey
                                                  United States District Judge